# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY SCOTT FOSSUM, | Case No. 1:24-cv-01374-JLT-SAB |
| Plaintiff, | ORDER SCREENING FIRST AMENDED COMPLAINT AND GRANTING LEAVE TO FILE AMENDED COMPLAINT |
| v. | |
| BRIAN LAMM, et al., | (ECF No. 10) |
| Defendants. | **THIRTY-DAY DEADLINE** |

On November 8, 2024, Plaintiff Timothy Scott Fossum, an inmate at Centinela State Prison proceeding *pro se* and *in forma pauperis*, filed a complaint against Brian Lamm, a judge in Inyo County; Jeff Howell, head sheriff of Inyo County; Eric Prechart, a sheriff in Inyo County Jail; Dana Crom, district attorney of Inyo County; "Mr. Hoodman" from the Bishop Police Department; "Mr. Roads" from the "Bishop Sheriff"; and Eric Burton from the Inyo County Sheriff's Office. (ECF No. 1.) On November 15, 2024, the Hon. Gary S. Austin screened Plaintiff's complaint, pursuant to 28 U.S.C. § 1915A(a), and found that Plaintiff had not stated a claim for which relief could be granted. (ECF No. 7.) The court directed Plaintiff to file a first amended complaint. (Id.) Thereafter, this matter was reassigned to the Hon. Jennifer L. Thurston and the Hon. Stanley A. Boone. (ECF No. 9.) On December 6, 2024, Plaintiff timely filed his first amended complaint, which is currently before the undersigned for screening. (ECF No. 10.)

# I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or portion thereof, if the prisoner-plaintiff has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In addition, to survive screening, a plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969. Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Cato v. U.S., 70 F.3d 1103, 1106 (9th Cir. 1995).

///

///

///

## II.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in his complaint as true only for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

On an unknown date and time, Plaintiff alleges that Judge Lamm "issued [a] warrant based on false/fabricated evidence." (ECF No. 10, p. 4; see id. at p. 3.) Plaintiff further alleges that officers Hoodman and Roads fabricated evidence to have Plaintiff falsely arrested. (Id. at 99. 3-4.) Plaintiff also alleges that District Attorney Dana Crom "introduced false physical evidence," possibly during a preliminary hearing. (Id.) Plaintiff states that he sustained personal injury and/or he was threatened with bodily injury. (Id.)

Thereafter, Plaintiff alleges the following: "Officer Burton. I was personal[ly] injured [due] to Officer Burton's professional negligence California seat belt law/reckless driving. Refusal of medical treatment and being told I can pay for my own medical (ICJ). Officer or head sheriff Jeff Howell and under sheriff Eric Burton failed to investigate this matter or the false arrest." (Id. at p. 5.) Plaintiff then states that his injury was "no seal belts and sheriff's professional negligence." (Id.)

In his prayer for relief, Plaintiff seeks compensation and "full medical." (Id. at p. 6.)

## III.

## DISCUSSION

### A. Federal Rule of Civil Procedure 8

Initially, the Court observes that Plaintiff's allegations are both factually and legally conclusory. In other words, instead of explaining to the Court of what happened, Plaintiff has made unsupported statements. For example, in Claims I and II, Plaintiff states that there is false and/or fabricated evidence. (ECF No. 10, pp. 3-4.) However, Plaintiff does not explain what that evidence is, how it came to be fabricated (or how Plaintiff knows it is false), or how a defendant used this evidence to effect a false arrest or other federal constitutional violation. In addition, for Claim III, Plaintiff claims he was personally inured due to an officer's "professional negligence." The term "professional negligence" is unhelpful to the Court. Instead, Plaintiff

3

needed to allege facts that demonstrate, if possible, that there was some sort of negligence. The same is true regarding Plaintiff's allegation that there was a refusal of medical treatment. Plaintiff needs to give the who, what, where, and when regarding his claim.

While Federal Rule of Civil Procedure 8(a) requires that Plaintiff need only provide a short and plain statement of the claim, the claims nevertheless need to be facially plausible. The Court finds that such adequate factual allegations are absent in the first amended complaint to support any claim, and therefore, the first amended complaint fails to state a claim for which relief may be provided.

### B. Legal Standards: Section 1983 Claims

Notwithstanding the conclusion above, the Court construes that Plaintiff may be attempting to bring three possible claims through 42 U.S.C. § 1983: excessive force, failure to protect, and failure to provide medical treatment.

Section 1983 is a legal mechanism through which a plaintiff may bring a cause of action for the violation of a constitutional or other federal rights caused by persons acting under color of state law. Long v. Cnty. of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim under Section 1983, a plaintiff is required to allege that (1) each defendant acted under color of state law and (2) each defendant deprived him or her of rights secured by the federal constitution or federal law. Benavidez v. Cnty. of San Diego, 993 F.3d 1134, 1144 (9th Cir. 2021) (citing Long, 442 F.3d at 1185; West v. Atkins, 487 U.S. 42, 48 (1988)). Generally, each defendant must have personally participated in the deprivation of the plaintiff's rights. Jones, 297 F.3d at 934; see also Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009). Thus, a plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of his federal rights.

#### 1. Excessive Force

Here, Plaintiff potentially suggests that Defendant Burton, while acting under color of law in his capacity as an officer in the Inyo County Sheriff's Office, engaged in excessive force. (ECF No. 10, p. 5.) Therefore, the Court provides Plaintiff with the legal standard for a constitutional claim of excessive force should Plaintiff believe he can amend his complaint in

good faith to state such a claim.  Due to the nature of the allegations, the Court has provided the excessive force standard under the Fourth Amendment.

A claim of excessive force in the context of an arrest implicates the protection of the Fourth Amendment right to be free from "unreasonable . . . seizures."  U.S. Const. amend. IV.  The use of excessive force by law enforcement officers in effectuating an arrest is a cognizable claim brought through Section 1983.  See Rutherford v. City of Berkeley, 780 F.2d 1444, 1447 (9th Cir. 1986).  In turn, to state a claim of excessive force, Plaintiff must allege facts showing that he (1) suffered some injury which (2) resulted from force that was clearly excessive to the need for force; (3) the excessiveness of which was objectively unreasonable.  See Heitschmidt v. City of Houston, 161 F.3d 834, 839 (5th Cir. 1998).

"Where there is no need for force, *any* forced used is constitutionally unreasonable."  Headwaters Forest Def. v. County of Humboldt, 240 F.3d 1185, 1199 (9th Cir. 2000), vacated and remanded on other grounds, County of Humboldt v. Headwaters Forest Def., 534 U.S. 801, (2001).  For example, an officer violently slamming a door on someone can give rise to an excessive force claim.  Muanza v. City of Hercules, No. 17-CV-00909-JSC, 2017 WL 1247064, at *4 (N.D. Cal. Apr. 5, 2017).  However, unintentional conduct, such as "[c]losing a door and accidentally hitting someone also does not qualify as excessive."  Sienze v. Kutz, No. 1:17-CV-0736 AWI SAB, 2019 WL 95459, at *9 (E.D. Cal. Jan. 3, 2019) (citing Gamble v. Whipple, No. CV 07-0908-PHXGMSLOA, 2010 WL 334632, at *10 (D. Ariz. Jan. 21, 2010).

Due to the lack of factual allegations, the Court is unsure whether Plaintiff's claims necessarily implicate excessive force.  However, the Court provides this legal standard for Plaintiff.

**2. Failure to Protect and Failure to Provide Medical Treatment**

Plaintiff also provides allegations that potentially suggest that state officers failed to place Plaintiff in a seatbelt leading to an injury sustained by Plaintiff.  Further, Plaintiff states generally that he was refused medical treatment.  Because the standard for both these claims is deliberate indifference, the Court discusses the legal standard together.  Based on the allegations, it appears that Plaintiff's claims are appropriately analyzed under the Fourteenth Amendment.

In order to state a claim of deliberate indifference, a plaintiff must allege that a state officer or official was aware of facts from which the inference could be drawn that a substantial risk of serious harm existed and actually drew that inference. See Sandoval v. Cnty. of San Diego, 985 F.3d 657, 667-68 (9th Cir. 2021).  In contrast, "'[a]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under [caselaw] be condemned as the infliction of punishment,' and so could not support liability under . . . the Fourteenth Amendment." Castro, 833 F.3d at 1068 (quoting Clouthier v. Cnty. of Contra Costa, 591 F.3d 1232, 1242 (9th Cir. 2010), overruled on other grounds by Castro).  Mere negligence is insufficient for Fourteenth Amendment liability. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Castro, 833 F.3d at 1068.  Moreover, "the due process guarantee does not entail a body of constitutional law imposing liability whenever someone with state authority causes harm." Cnty. of Sacramento v. Lewis, 523 U.S. 833, 848 (1998).  That said, depending on the circumstances, allegations involving seatbelts can state a claim of deliberate indifference. See Bulkin v. Ochoa, No. 1:13-cv-00388-DAD-EPG (PC), 2016 WL 7159286, at *6-*8 (E.D. Cal. Dec. 7, 2016) (discussing cases).

Here, Plaintiff states that he was injured due to Defendant Burton's "professional negligence." (ECF No. 10, p. 5.)  Thereafter, Plaintiff state only "refusal of medical treatment." (Id.)  As should be clear, there are no allegations on which the Court can evaluate whether Defendant Burton was deliberately indifferent regarding a seatbelt or providing and/or transporting Plaintiff to medical treatment.

**C. Judicial Immunity**

Finally, the Court notes that Plaintiff is attempting to sue Judge Lamm in his official capacity.  As explained below, this claim is unavailable.

Judges are generally afforded absolute immunity from suit when functioning in their official capacities. See Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 922 (9th Cir. 2004). "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction." Pierson v. Ray, 386 U.S. 547, 553-54 (1967).  "Judicial immunity applies 'however erroneous the act may have been,

1 and however injurious in its consequences it may have proved to the plaintiff.'"  Ashelman v.
2 Pope, 793 F.2d 1072, 1075 (9th Cir. 1986) (quoting Cleavinger v. Saxner, 474 U.S. 193 (1985)).
3 Judicial immunity "is an immunity from suit, not just from the ultimate assessment of damages."
4 Mireles v. Waco, 502 U.S. 9, 11 (1991).

      Plaintiff alleges that Judge Lamm "issued a warrant based on false/fabricated evidence." This allegation speaks only an official judicial function by a judge, and therefore, Judge Lamm appears to be an inappropriate defendant.  While Plaintiff's amended pleading may include background factual allegations regarding a judicial officer, Plaintiff should refrain from listing Judge Lamm as a defendant, unless his conduct falls outside Judge Lamm's judicial function as a judge.

## IV.

## CONCLUSION AND ORDER

      For the reasons discussed herein, Plaintiff fails to state any cognizable claims for relief and shall be granted leave to file an amended complaint to cure the deficiencies identified in this order, if he believes he can do so in good faith.  See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).  If Plaintiff chooses to file an amended complaint, that complaint can be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights or violations of state law.  Iqbal, 556 U.S. at 678-79.  Importantly, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted).  Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.

      Finally, Plaintiff is informed that the Court cannot refer to a prior pleading in order to make Plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement exists because, as a general rule, an amended complaint supersedes the original complaint.  See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015).

27 / / /
28 / / /

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The Clerk of the Court shall send Plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint curing the deficiencies identified by the Court in this order;

3. The second amended complaint, including attachments, shall not exceed twenty-five (25) pages in length; and

4. <u>If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to a district judge that this action be dismissed consistent with the reasons stated in this order.</u>

IT IS SO ORDERED.

Dated: **January 10, 2025**

STANLEY A. BOONE
United States Magistrate Judge