# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY SCOTT FOSSUM,<br><br>         Plaintiff,<br><br>    v.<br><br>BRIAN LAMM, et al.,<br><br>         Defendants. | Case No. 1:24-cv-01374-JLT-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION<br><br>(ECF Nos. 12, 13) |

Plaintiff is proceeding *pro se* and *in forma pauperis* in this § 1983 action. (ECF No. 10.) On November 15, 2024, the Court screened the initial complaint, pursuant to 28 U.S.C. § 1915, and found that it failed to state a claim for which relief could be granted. (ECF No. 7.) The Court explained the deficiencies in the complaint and directed Plaintiff to file an amended complaint within 30 days of receiving the Court's order. (Id.) On December 6, 2024, Plaintiff timely filed an amended complaint, which the Court screened and found that Plaintiff had again failed to state a claim. (ECF No. 12.) The Court construed that Plaintiff might be seeking to bring claims of excessive force and failure to protect or provide medical treatment, gave Plaintiff the applicable legal standards, and explained the pleading deficiencies. (Id.) The Court allowed Plaintiff 30 days to file a second amended complaint. (Id.) Plaintiff failed to timely file a second amended complaint, and on February 14, 2025, the Court issued an order to show cause ordering Plaintiff to show cause in writing why this case should not be dismissed for failure to state a claim, failure to comply with a court order, and failure to prosecute. (ECF No. 13.) The Court gave Plaintiff a deadline of 14 days in which to file his response and admonished Plaintiff that

1   "**[f]ailure to comply with this order will result in a recommendation to dismiss this action**
2   **for failure to state a cognizable claim for relief, failure to prosecute, and/or failure to**
3   **comply with a court order.**" (Id.) (emphasis in original).  The deadline for Plaintiff to file his
4   response to the order to show cause has passed, and the Court will now recommend that this
5   matter be dismissed for failure to state a claim, failure to prosecute, as well as failure to comply
6   with the Court's February 14, 2025 order. (ECF Nos. 12, 13.)

## I.

## DISCUSSION

9   To begin with, the Court incorporates here its finding and conclusions from its January
10  13, 2025 screening order, which concluded that the amended complaint failed to state a claim.
11  (ECF No. 12.)  Accordingly, on that basis alone, this matter should be dismissed. 28 U.S.C. §
12  1915(e)(2); see Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998) (affirming *sua sponte*
13  dismissal for failure to state a claim).

14  In addition, Federal Rule of Civil Procedure 41(b) permits courts to involuntarily dismiss
15  an action when a litigant fails to prosecute an action or fails to comply with a court order. See
16  Fed. R. Civ. P. 41(b); see also Applied Underwriters v. Lichtenegger, 913 F.3d 884, 889 (9th Cir.
17  2019) (citations omitted); Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689
18  (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts
19  may dismiss under Rule 41(b) sua sponte, at least under certain circumstances.").  Similarly,
20  Local Rule 110 permits courts to impose sanctions on a party who fails to comply with a court
21  order.  Further, the procedural rules that govern this Court are to be "construed, administered and
22  employed by the court . . . to secure the just, speedy, and inexpensive determination of every
23  action and proceeding." Fed. R. Civ. P. 1.

24  Before dismissing an action under Fed. R. Civ. P. 41, a court must consider: (1) the
25  public interest in expeditious resolution of litigation; (2) the court's need to manage a docket; (3)
26  the risk of prejudice to defendant; (4) public policy favoring disposition on the merits; and (5)
27  the availability of less drastic sanctions. See Applied Underwriters, 913 F.3d at 890 (noting that
28  these five factors "must be considered" before a Rule 41 involuntarily dismissal); Malone v. U.S.

1  Postal Service, 833 F.2d 128, 130-31 (9th Cir. 1987) (reviewing the five factors and
2  independently reviewing the record because the district court did not make finding as to each).
3  But see Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000) (listing the same but
4  noting the court need not make explicit findings as to each); Ferdik v. Bonzelet, 963 F.2d 1258,
5  1260-61 (9th Cir. 1992) (affirming dismissal of *pro se* § 1983 action when plaintiff did not
6  amend caption to remove "et al." as the court directed and reiterating that an explicit finding of
7  each factor is not required by the district court).

8        Upon review of the above-stated factors, the Court finds dismissal of the action is
9  warranted.  The expeditious resolution of litigation is deemed to be in the public interest.
10 Yourish v. California Amplifier, 191 F.3d 983, 990-91 (9th Cir. 1999).  Turning to the second
11 factor, the Court's need to efficiently manage its docket cannot be overstated.  Given Plaintiff
12 has failed to respond to the Court's February 14, 2025 order, the Court's time is better spent on
13 other matters than needlessly consumed managing a case with a recalcitrant litigant.  Indeed,
14 "trial courts do not have time to waste on multiple failures by aspiring litigants to follow the
15 rules and requirements of our courts."  Pagtalunan v. Galaza, 291 F.3d 639, 644 (9th Cir. 2002)
16 (Trott, J., concurring in affirmance of district court's involuntary dismissal with prejudice of
17 habeas petition where the petitioner failed to timely respond to court order, noting "the weight of
18 the docket-managing factor depends upon the size and load of the docket, and those in the best
19 position to know what that is are our beleaguered trial judges").  Delays have the inevitable and
20 inherent risk that evidence will become stale or witnesses' memories will fade or be unavailable
21 and can prejudice a defendant, thereby satisfying the third factor.  See Sibron v. New York, 392
22 U.S. 40, 57 (1968).  The instant dismissal is a dismissal without prejudice, which is a lesser
23 sanction than a dismissal with prejudice, thereby addressing the fifth factor.

24       In sum, this case cannot linger indefinitely on this Court's already overburdened docket.
25 A dismissal of this action for failure to prosecute and failure to comply with court orders is in
26 accord with Ninth Circuit precedent as well precedent governing Rule 41 dismissals.  It appears
27 Plaintiff has abandoned this action, and Plaintiff's failure to respond to the Court's order
28

warrants the sanction of dismissal without prejudice under the circumstances.[1]

## II.

## ORDER AND RECOMMENDATIONS

Accordingly, it HEREBY RECOMMENDED that this case be dismissed without prejudice for failure to state a claim, failure to prosecute this action, and/or failure to comply with the Court's order under Fed. R. Civ. P. 41 and Local Rule 110.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court, limited to 15 pages in length, including exhibits. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014), citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 11, 2025**

STANLEY A. BOONE
United States Magistrate Judge

---

[1] On March 3, 2025, the Court's February 14, 2025 order was returned as mail undeliverable. Local Rule 183(b) requires litigants appearing *pro se* to keep the Court and opposing parties advised on his or her current address. If mail is returned to the Court as undeliverable, and if such plaintiff fails to notify the Court and opposing parties within 30 days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute. L.R. 183(b). The time for Plaintiff to file a change of address has passed. The Court notes this as an additional factor that warrants dismissal.